FILED ___ LODGED
RECEIVED ___ COPY

JUN 13 2003

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8

9  Microchip Technology Inc.,        )    No. 01-CV-2090-PHX-PGR
                                     )
10           Plaintiff,              )         03-CV-0272-PHX-JAT
                                     )           (Consolidated)
11  vs.                              )
                                     )    **ORDER**
12                                   )
    U.S. Philips Corporation,        )
13                                   )
             Defendant.              )
14                                   )
    _____)

15

16      This is a declaratory relief action filed pursuant to 28

17  U.S.C. § § 2201 and 2202, and arising under the patent laws of the

18  United States.  Pending before this Court are: (1) Philips' Motion

19  to Compel Arbitration, Dismiss, or Stay **(doc. 74);** (2) Microchip's

20  Motion to Stay Arbitration Proceedings **(doc. 76)**; and

21  (3) Microchip's Motion to Transfer Related Case **(doc. 81)**.

22      **BACKGROUND**

23      This is a patent infringement action involving two patents,

24  4,689,740 ("the '740 patent") and 5,559,502 ("the'502 patent").  The

25  '740 patent simplifies the process by which Integrated Circuit Chips

26  communicate with each other, by only using two wires instead of

27  multiple communication wires as was the process in the past.  This

28  process, of using two wires, is now known as the I$^2$C (Inter-

Integrated Circuit Standard) and is used in several types of consumer electronic devices such as televisions and personal computers.   The '502 patent is an improvement of the '740 patent and is also part of the $I^2C$ technology.

After receiving the '740 patent, Philips established a program whereby the '740 patent technology is licensed to various companies in the electronics industry.[1] Philips claims that approximately 70 companies currently participate, but Microchip does not.

Philips claims that licensing negotiations have been ongoing since October 2000.  Microchip claims that they have had an ongoing business relationship since 1983, but the claims of infringement began to surface in 1990.

In October 2000, Philips filed suit in the United States District Court, Southern District of New York against six companies that were allegedly selling infringing products without a license under the '740 patent.   All of these actions were before Judge Preska.   At the time the first action was filed in New York, Microchip and Philips were negotiating a resolution to their GI Agreement/infringement dispute.

Despite the ongoing negotiations, Microchip filed this declaratory relief action on October 26, 2001.   In response, it appears that Philips amended one of its New York actions to include Microchip.   The New York case was amended on October 30, 2001, four days after Microchip filed this declaratory relief action.   It has

---

[1]  In 1983 Philips granted a license and product purchase agreement to General Instrument Corporation ("GI Agreement").   General Instrument Corporation was Microchip's predecessor in interest.   The basis of the parties' disputes revolve around the GI Agreement and whether or not it applies to Microchip.

1 | since been transferred to Arizona and is currently assigned, by
2 | random selection, to Judge Teilborg.

3 | The original Complaint, filed in this action, alleged patent
4 | infringement with respect to the '740 patent, it did not reference
5 | the '502 patent.  Philips filed a Motion to Dismiss for lack of
6 | jurisdiction on December 7, 2001, claiming there was no reasonable
7 | apprehension of litigation.  Philips alternatively requested the
8 | matter be transferred to New York or stayed until the New York cases
9 | were resolved.  Microchip opposed the Motion.

10 | While the Motion to Dismiss was pending, Microchip filed an
11 | Amended Complaint.  The Amended Complaint was filed on January 9,
12 | 2002 and added a cause of action for declaratory relief related to
13 | the '502 patent. As noted above, the '502 patent is an improvement
14 | on the '740 patent.

15 | On April 16, 2002, this Court denied Philips' Motion to
16 | Dismiss, Transfer, or Stay.  The Court reasoned that dismissal was
17 | not appropriate because there was a reasonable apprehension of
18 | impending litigation.  The Court declined to transfer the matter to
19 | New York based on representations that the New York cases were in
20 | the process of settling.   In addition, the Court declined to
21 | exercise its discretion in favor of staying this action pending
22 | resolution of the New York cases finding that a stay would not be
23 | an efficient use of the parties' or the Court's resources.

24 | Philips next sought reconsideration of the Court's refusal to
25 | transfer this action to New York and moved to dismiss the claims
26 | related to the '502 patent.  The Court declined to reconsider the
27 | denial of the transfer and denied the Motion to Dismiss the '502
28 | patent.

1    The matter was then set for a Scheduling Conference.  At that
2  time, the parties indicated that they would move to have the New
3  York action transferred to Arizona.  The Court indicated it would
4  not enter the Scheduling Order until the New York case was
5  transferred.  In the interim, Philips filed the pending Motion to
6  Compel Arbitration.  Microchip responded by filing a Motion to Stay
7  Arbitration.  Also pending is the Motion to Transfer and Consolidate
8  the New York action assigned to Judge Teilborg to this Court.

9    **DISCUSSION**

10    **A. Motion to Compel Arbitration**

11    The courts have long recognized a liberal federal policy in
12  favor of arbitration.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*
13  *Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927 (1983).  However, the
14  question of whether the parties have submitted a particular dispute
15  to arbitration, "the question of arbitrability", is a question of
16  law for the court to determine unless the parties have unambiguously
17  provided otherwise.  *Howsom v. Dean Witter Reynolds*, 123 S.Ct. 588,
18  591 (2002).  The United States Supreme Court has also determined
19  that "arbitration is a matter of contract and a party cannot be
20  required to submit to arbitration any dispute which he has not
21  agreed to submit."  *Id.*, (citing, *Steelworkers v. Warrior & Gulf*
22  *Nav. Co.* 363 U.S. 574, 582, 80 S. Ct. 1347, (1960).

23    In this case, the parties take interesting positions with
24  respect to arbitration.  As a general matter, Microchip's Complaint
25  requests this Court declare whether the GI Agreement precludes any
26  infringement claims asserted by Philips.  Philips contends that the
27  GI Agreement does not apply to Microchip because Microchip was spun
28  out of General Instrument Corporation, which was allegedly

1   prohibited  from  assigning  the  agreement  to  Microchip  as  the
2   surviving  entity.     Within  the  GI  Agreement  is  an  arbitration
3   clause.    Microchip  maintains  that  they  are  not  subject  to  the
4   arbitration clause because Phillips refuses recognize Microchip as
5   a  party  to  the  GI  Agreement.    On  the  other  hand,  Philips  seeks  to
6   enforce  the  arbitration  clause  against  Microchip,  while  at  the  same
7   time  contending  that  Microchip  is  not  a  party  to  the  underlying  GI
8   Agreement.[2]

9        In  support  of  its  position,  Philips  relies  heavily  on  *Teledyne*
10  *v. Kone.*    892  F.2d  1404  (9th  Cir.  1989).    In  *Teledyne,*  the  parties
11  signed  an  agreement  that  was  not  finalized.    *Id.*  at  1406.    The  front
12  page  of  the  document  stated:  "DRAFT  (to  be  finalized  by  KONE  legal
13  department)."    *Id.*    The  draft  contained  an  arbitration  provision.
14  *Id.*    Teledyne  argued  that  Kone  had  no  right  to  enforce  an
15  arbitration  provision  because  it  had  denied  the  enforceability  of
16  the  contract  containing  the  arbitration  clause.    *Id.*  at  1410.    The
17  Ninth  Circuit  held  that  the  case  must  still  be  submitted  to
18  arbitration  unless  there  is  an  independent  challenge  to  the
19  arbitration  provision.    *Teledyne*,  892  F.2d  at  1410.    Meaning,  that
20  attacking  the  contract  as  a  whole  without  a  separate  and  distinct
21
22
23
24

25        [2] Philips' Motion to Compel Arbitration states, "[a]rbitration should be
    compelled because defendants have commenced an arbitration proceeding under the
26  express terms of the written agreement that plaintiff [Microchip] demands be
    construed and interpreted by the Court as granting a license to Microchip to
27  practice the two Philips patents in issue.  Even though the arbitration has been
    commenced pursuant to the agreement that was specifically invoked by Microchip
28  to try to excuse Microchip's infringing activities, Microchip refuses to
    arbitrate."

1 | challenge to the arbitration provision is not a waiver to having an
2 | arbitrator determine the applicability of the contract. *Id.*[3]

3 |     Microchip claims that *Teledyne* does not apply. Microchip
4 | argues that in *Teledyne* the parties had agreed to something, but
5 | that the agreement was just not signed. In contrast, Philips denies
6 | the enforceability of the GI Agreement as it pertains to Microchip
7 | but is still trying to enforce the arbitration clause contained
8 | therein.

9 |     Microchip relies on *Three Valleys Municipal Water District v.*
10 | *E.F. Hutton* as a limitation on *Teledyne.* 925 F.2d 1136 (9th Cir
11 | 1991). In *Three Valleys*, the Ninth Circuit held,

> [i]f the dispute is within the scope of an arbitration
> agreement, an arbitrator may properly decide whether a
> contract is 'voidable' because the parties have agreed to
> arbitrate the dispute. But, because an arbitrator's
> jurisdiction is rooted in the agreement of the parties
> [internal citations omitted] a party who contests the
> making of an arbitration contract containing an
> arbitration provision cannot be compelled to arbitrate
> the threshold issue of the *existence* of an agreement to
> arbitrate. Only a court can make that decision.

18 | 925 F.2d at 1140-41 (emphasis in original); *see also George Day*
19 | *Constr. Co. v. United Bhd. of Carpenters, Local 354,* 722 F.2d 1471,
20 | 1474 (9th Cir. 1984); *I.S. Joseph Co. v. Michigan Sugar Co.*, 803
21 | F.2d 396, 399 (8th Cir. 1986)(an arbitrator "has no independent
22 | source of jurisdiction apart from the consent of the parties");
23 | *Smith Wilson Co. v. Trading & Dev. Establishment,* 744 F. Supp. 14,
24 | 16 (D.D.C. 1990)("arbitrators derive their authority to resolve

---

[3] Philips is somewhat disingenuous in its representation of the *Teledyne* holding. Philips states, "the Ninth Circuit disagreed, holding that the plaintiff could not simultaneously seek to enforce a contract but disclaim the arbitration claims in that agreement." As set forth above, *Teledyne* requires the challenge to contest both the contract **and** the arbitration clause, in order to remove the matter from the realm of arbitration.

1  disputes only because the parties agreed in advance to submit such
2  grievances to arbitration").

3       Before it can determine arbitrability, the Court must first
4  determine if both Microchip and Philips are parties to the GI
5  Agreement.  This is admittedly in dispute and is the primary basis
6  for declaratory relief. Making this determination would require the
7  Court to undertake an intense factual inquiry inappropriate for a
8  motion to dismiss.  Accordingly, because the Court is unable to
9  determine the applicability of the GI Agreement to these parties,
10 it is unwilling to enforce the arbitration clause contained therein.

11      **B. Motion to Transfer**

12      Microchip moves for an order transferring *U.S. Philips Corp v.*
13 *Microchip Tech. Inc.* CV-03-272-PHX-JAT to this Court.  Both actions
14 involve the same basic allegations and defenses, and it is in the
15 interest of judicial economy for this Court to oversee both cases.

16      At the Scheduling Conference, both parties and the Court agreed
17 that a Scheduling Order would not be entered until the two actions
18 were consolidated.  The parties are to provide a proposed Scheduling
19 Order.   The dates should be reasonably expedited such that the
20 matter proceeds to trial within the next nine months to one year.[4]

21      IT IS ORDERED that Philips' Motion to Compel Arbitration,
22 Dismiss or Stay **(doc. 74)** is DENIED.

23      IT IS FURTHER ORDERED that Microchip's Motion to Stay
24 Arbitration **(doc. 76)** is GRANTED.

25

26      [4] As the parties have represented in several previous motions, they have
    undertaken a substantial amount of discovery.  Moreover, the parties were
27  instructed to proceed with discovery pending the transfer and consolidation of
    the New York action. As such, the Court presumes that the case will be ready for
28  trial within the next year.

1   IT IS FURTHER ORDERED that Microchip's Motion to Transfer and

2   Consolidate **(doc. 81)** is GRANTED.  All future pleading shall contain

3   both case numbers, with the notation that CV-01-2090 is the lead

4   action.

5   IT IS FURTHER ORDERED that the parties are to meet and confer

6   and provide the Court with a proposed Scheduling Order.  The parties

7   are to provide dates for categories enumerated in the Order Setting

8   Scheduling Conference as well as those unique to patent litigation.

9   The parties are to provide this information to the Court by **June 25,**

10  **2003**.

12  DATED this ___ day of _June_ , 2003.

14

        Paul G. Rosenblatt
15      United States District Judge

I hereby attest and certify on 6-13-03 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By Kathleen M. Heolea Deputy